default order. Defendant established that the delay in answering the complaint was caused by the negligence and inadvertence of its insurance carrier, that it did not intend to abandon the action, and that it promptly moved to vacate the default order. Defendant therefore established a reasonable excuse for the delay (*see, Abramovich v Harris*, 227 AD2d 1000; *Damselle, Ltd. v 500-512 Seventh Ave. Assocs.*, 184 AD2d 367). Furthermore, defendant established a potentially meritorious defense to the complaint through the affidavits of its chief executive officer and its expert (*see, Damselle, Ltd. v 500-512 Seventh Ave. Assocs., supra*). Thus, the court should have relieved it of the default. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Vacate Default Order.) Present—Lawton, J. P., Wesley, Callahan, Davis and Boehm, JJ.

■ JOSEPHINE DANIEL, as Administratrix of the Estate of RHONDA SALLEY, Deceased, Respondent, v ELAINE VANDI, Defendant, and CITY OF BUFFALO, Appellant. [647 NYS2d 315] —Order unanimously reversed on the law without costs, motion granted and complaint and cross claim against defendant City of Buffalo dismissed. Memorandum: Supreme Court erred in failing to grant the motion of defendant City of Buffalo for summary judgment dismissing the complaint against it for failure to state a cause of action (*see, Kircher v City of Jamestown*, 74 NY2d 251). Absent a "special relationship", a municipality cannot be held liable as an insurer for failing to protect a member of the general public from harm (*Kircher v City of Jamestown, supra*, at 256-258; *Cuffy v City of New York*, 69 NY2d 255, 260). The requisite direct contact or reliance by a person at risk is absent when a witness to criminal activity or other concerned citizen requests assistance from the police for that person. Thus, there is no "special relationship" in this case that would warrant the court to direct discovery and deny the motion for summary judgment. (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Lawton, J. P., Wesley, Callahan, Davis and Boehm, JJ.

■ ROBERT UDERITZ, Plaintiff, and PATRICIA UDERITZ, Respondent, v STATE OF NEW YORK, Appellant. (Appeal No. 1.) (Claim No. 81627.) [648 NYS2d 400] —Judgment unanimously affirmed with costs for reasons stated in decision at Court of Claims, Margolis, Israel, J. (Appeal from Judgment of Court of Claims, Margolis, Israel, J.—Damages.) Present—Lawton, J. P., Wesley, Callahan, Davis and Boehm, JJ.

■ ROBERT UDERITZ, Respondent, et al., Plaintiff, v STATE OF NEW YORK, Appellant. (Appeal No. 2.) (Claim No. 81627.) [648

NYS2d 400] —Judgment unanimously affirmed with costs for reasons stated in decision at Court of Claims, Margolis, Israel, J. (Appeal from Judgment of Court of Claims, Margolis, Israel, J.—Damages.) Present—Lawton, J. P., Wesley, Callahan, Davis and Boehm, JJ.

◼ In the Matter of QUENTIN L., a Person Alleged to be a Juvenile Delinquent, Appellant. MONROE COUNTY ATTORNEY, Respondent. [647 NYS2d 593] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: We reject the contention of respondent that Family Court abused its discretion in directing that he be placed with the New York State Division for Youth. Respondent's placement is "the least restrictive available alternative * * * consistent with the needs and best interests of the respondent and the need for protection of the community" (Family Ct Act § 352.2 [2] [a]; see, Matter of Edward V., 204 AD2d 1060).

The persistent failure of respondent to attend school, obey his mother, and abstain from self-destructive behavior, such as his membership in a gang and his use of marihuana, fully supports the court's determination to revoke respondent's probation and, in the absence of an available private facility, to place respondent in the custody of the New York State Division for Youth at an Option C nonsecure facility, pursuant to Family Court Act § 353.3 (3) (c), as the "least restrictive effective disposition * * * best suited to meet [his] particular psychological and educational service needs" (Matter of Peter VV., 169 AD2d 995, 996; see, Matter of Tammy JJ., 190 AD2d 913).

Respondent contends that reversal is required because the order of disposition specifies placement at an Option C nonsecure facility, yet he was placed at Lincoln Hall, a private facility. We disagree. Although the order refers only to placement pursuant to Option C, the court in its bench decision expressed its preference to place respondent at a private facility, such as Lincoln Hall. The court encouraged respondent and his mother to speak to "the people from Lincoln Hall to see if it's a program that you would find acceptable." The court went on to state that, "[i]f Lincoln Hall is not available or Berkshire Farms, then as I say, there are other fine programs that will meet the respondent's needs." Although respondent had not yet been placed at Lincoln Hall when the dispositional order was entered on February 1, 1996, he was transferred to Lincoln Hall shortly thereafter, on February 6, 1996.

The court's bench decision clearly manifests the intention to